UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK WICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-10890-MLW |
| ) | |
| MAKITA U.S.A., INC., MAKITA ) | |
| CORPORATION, and MAKITA ) | |
| CORPORATION OF AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER ON
MOTION TO FILE AMENDED COMPLAINT

November 9, 2011

SOROKIN, M.J.

The Plaintiff filed a Motion to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) so as to include an additional count against the Defendants, Makita U.S.A., Inc., Makita Corporation, and Makita Corporation of America, Inc., (hereinafter collectively "Makita") for alleged violations of M.G.L. c. 93A. Docket #35 at 1. The Defendants oppose the motion. Docket #36. For the reasons explained below, the Motion is ALLOWED.[1]

I.  FACTS AND PROCEDURAL BACKGROUND

---

[1] I note that the issues presented are similar to those presented in a different Sawstop case in which a Motion to File an Amended Complaint was also filed (Docket No. 09-10011-NMG). I allowed that Motion as well.

1

The Plaintiff claims he was injured while using a table saw manufactured, sold and distributed by the Defendants. Docket #1 at 1. The Plaintiff filed his complaint on May 28, 2009. Docket #1 at 7. The complaint stated claims against all three Defendants for negligence, breach of implied warranty that the product was merchantable, safe and fit, and strict liability. Docket #1. The Defendants filed their answers on September 15, 2009, September 29, 2009, and November 6, 2009. Docket #36 at 1. Fact discovery closed on March 31, 2011. Id. at 2. The parties filed a joint motion to establish the expert discovery schedule, which the Court allowed on September 6, 2011. See Docket #34. According to that schedule, the last depositions of expert witnesses will be those of the Defendant's expert witnesses, and will be completed by May 31, 2012. Id. at 2. The Plaintiff filed the instant motion to file an amended complaint to add a claim under M.G.L. c. 93A on October 24, 2011. Docket #36 at 2.

II. DISCUSSION

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir.2004). Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, the First Circuit has noted that once a Rule 16 scheduling order is in

2

place (as is the case here),² then the appropriate standard for analysis of a motion to amend is no longer the liberal "freely given" standard of Rule 15(a), but rather the more demanding "for good cause" standard of Rule 16(b). Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir.2004)). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir, 383 F.3d at 12.

The Plaintiff seeks to file an amended complaint reflecting a claim under M.G.L. c. 93A, namely that the Defendants' "breach of warranty, distribution and sale of a defective and unsafe table saw, coupled with [Defendants'] failure to adequately warn foreseeable users about the hazards associated with its table saw, constituted unfair and/or deceptive business practices which violated M.G.L. c. 93A." Docket ##35, 35-1 ¶31. The Plaintiff asserts that this claim would involve the same factual issues as already presented by the Plaintiff's breach of warranty claims and therefore would not result in any delay; the Plaintiff also, however, avers that it was during the "extensive discovery" in this case that the Plaintiffs learned of the facts necessary to support this claim. Docket #35 ¶¶5-6. The Plaintiff adds that his delay was due, in part, to the fact that settlement of the claims appeared likely "until late this summer when it became clear that Plaintiff's medical condition was such that he was not yet at 'medical end result' and that Defendants did not wish to settle prior to a medical end result." Docket #39 at 2. Further, the Plaintiff and the Defendants agreed in December 2010 and again in July 2011 to delay action

---

² The Court granted the parties' Joint Motion to enter a Scheduling Order on December 17, 2009. The time to complete discovery was later extended on April 1, 2010, September 8, 2010 and October 26, 2010. The Court also allowed a motion to establish an expert discovery schedule on September 6, 2011. The Court set no express deadline for the filing of motions to amend. At this time, expert discovery is ongoing, and no trial date has been set.

because of the Plaintiff's unstable medical condition and given that he was not yet at "medical end result." Id.

The Defendants respond that the Plaintiff delayed unduly in seeking leave to amend his complaint, and that he has not provided "a valid reason for that delay." Docket #36 at 2. The Defendants also set forth three specific points of contention with respect to the Plaintiff's motion: (1) the Plaintiff's claim that "Defendants have been involved in several other related table saw cases in which they have been subject to punitive damages, but have proceeded no differently than they have in the present case," is not accurate as Makita has been a defendant in two other "related table saw cases" but was exposed to potential punitive damages in neither, Docket #36 at 3; (2) the Plaintiff's counsel failed to comply with Local Rule 7.1.(a)(2) with respect to whether the Plaintiff could amend the complaint,[3] id.; and (3) the Plaintiff's assertion that "Defendants made clear that they were not interested in pursuing settlement discussions" is factually erroneous given that Makita's counsel made a "significant settlement offer" and wrote the following in response to the Plaintiff's settlement demand: "Makita is willing to continue discussions about potential resolutions of this matter. Please give me a call at your earliest convenience so that we may discuss this case further." Id.

The fact that, as the Plaintiff argues, in Massachusetts, a breach of warranty claim is so integrally tied to a 93A claim that "[g]enerally, a breach of warranty constitutes a violation of G.L. c. 93A, §2," Maillet v. ATF-Davidson Co., Inc., 407 Mass. 185, 193 (1990), cuts both ways. On the one hand, the Plaintiff is correct that because of the fundamentally similar nature of the claims, the Defendants have presumably been preparing to litigate this issue since the complaint

---

[3] The Plaintiff disagrees. Docket #39 at 5-6.

was filed and indeed do not contend, for example, that any additional discovery would be required were the motion to amend allowed. Prejudice to the Defendants is therefore slight, at most. On the other hand, however, the fundamental similarity of the claims casts doubt on the Plaintiff's diligence; the Plaintiff was aware of the underlying facts giving rise to the claim of breach of warranty and therefore has been aware since the complaint was filed of the possibility of a related 93A claim. It is useful, therefore, to consider the theory underlying the "good cause" standard of Rule 16(b). As the First Circuit explained:

> "The rationale is that application of the "good cause" standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders. . . . .In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. . . . For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril. . . . liberally granting motions to amend the pleadings-filed after a party has disregarded the scheduling order deadline-would effectively "nullif[y] the purpose of Rule 16(b)(1)."

O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir.2004). Given the similarity of the claims at issue, and, particularly, given that the Defendants do not argue that allowing the motion to amend would result in any alteration to the express terms of the scheduling order, the concerns underlying the "good cause" standard of Rule 16(b) are satisfied in this case.

III.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to File Amended Complaint (Docket #35) is ALLOWED.

                                              /s / Leo T. Sorokin
                                              UNITED STATES MAGISTRATE JUDGE